[607 NYS2d 651]

In the Matter of BURTON M. MARKS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 17, 1994

2

APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Burton M. Marks,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Burton M. Marks was admitted to the practice of law in New York by the Second Judicial Department on December 16, 1959. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

We grant this motion by the Departmental Disciplinary Committee for an interim suspension of respondent pending consideration of the charges against him (22 NYCRR 603.4 [e] [1] [ii], [iii]), based upon respondent's admissions under oath of acts constituting professional misconduct, and other uncontested evidence of professional misconduct.

Respondent's sworn testimony in a deposition before the Departmental Disciplinary Committee, as well as his monthly bank statements, establish that respondent intentionally converted and failed to preserve the identity of escrow funds in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (22 NYCRR 1200.3 [a] [4]; 1200.46). In response to this motion, respondent does not deny that he converted the funds. Rather, he offers evidence in mitigation, and argues that this motion should be denied because the professional misconduct in issue does not immediately threaten the public interest (22 NYCRR 603.4 [e] [1]). Respondent's evidence in mitigation is insufficient to rebut the strong evidence of professional misconduct constituting an immediate threat to the public interest, especially in light of respondent's prior censure for conversion of client's funds. *(See, Matter of Marks,* 44 AD2d 290.)

The Committee initiated an investigation of respondent based upon the complaints of Olderico Puglisi and Caroline Rhinehart. According to these complaints, in May 1992 respondent was retained by Richard Moscarella on behalf of the heirs of Angelina Moscarella to represent them in connection with the sale of property located at 308 Washington Avenue, Brooklyn, New York. Mr. Puglisi and Ms. Rhinehart are heirs of Angelina Moscarella.

Using a broker, respondent located a buyer for the property and drafted a contract of sale. The contract was dated August 31, 1992. The purchase price was $275,000. According to the contract of sale, respondent was to hold the purchasers' down payment in the amount of $27,500 in escrow until the closing.

Respondent deposited the down payment into his personal checking account at Citibank, entitled "Burton M. Marks and Elizabeth A. Marks." The deposit was posted on respondent's monthly bank statement on September 1, 1992. The Citibank personal account was linked to an interest-bearing personal money-market account. Respondent immediately transferred $20,000 of the down payment to the money-market account.

The closing took place on December 3, 1992. Prior to the closing, respondent arranged to have checks drawn to his clients' order by the purchasers' mortgage bank. Respondent disbursed the checks drawn on the purchasers' mortgage proceeds after the closing. He did not disburse any funds from the $27,500 down payment he was supposed to be holding in escrow.

Between the time respondent received the escrow funds (September 1, 1992) and the closing (December 3, 1992), the Citibank monthly statements show that the balance in his Citibank personal account was negative or below the down payment amount on a consistent basis.

Respondent appeared for a deposition before the Disciplinary Committee on September 21, 1993. During the course of his deposition, respondent admitted that he used the funds in his Citibank personal account for personal and business expenses, such as rent of his residence, utility bills, American Express payments, car rental and regular cash withdrawals. Respondent's clients had no notice of these expenditures and did not give respondent permission to use their funds.

Following the closing, the complainants requested that respondent remit the rest of the funds due them. According to the complainants, respondent failed to respond except to offer

a variety of excuses why a final settlement could not be made. Finally, almost four months after the closing, respondent distributed $20,000 to the family members retaining $7,500 as his fee.

Respondent admitted in his deposition that the true reason for his failure to distribute escrow funds after the closing was that he did not have the funds on deposit, and that he hid this fact from the complainants. The Citibank monthly statements for January and February 1993 confirm that respondent had negative and inadequate balances throughout the period.

Alan and Sandra Kay retained respondent to represent them in the sale of their condominium apartment in North Hills, North Hempstead, New York.

According to the May 20, 1992 contract of sale, respondent was to hold the purchaser's down payment in the amount of $52,500 in escrow pending the closing. Respondent received a cashier's check endorsed to his order in the amount of $52,500 on May 19, 1992 and deposited the check into his Citibank personal account.

The closing took place on September 23, 1992. Between the contract and closing, respondent used the funds for his personal expenses and the balance of respondent's Citibank personal account was below the escrow sum from August 26, 1992 until the closing.

Respondent admitted in his sworn deposition before the Committee that he did not maintain a separate escrow account in 1992 or 1993 until August 1993, after the Puglisi and Rhinehart complaints, when he opened an IOLA account at European American Bank.

The Committee asserts that based upon respondent's sworn admissions and other uncontested evidence it is clear that respondent intentionally converted and failed to preserve client or escrow funds, in violation of DR 1-102 (A) (4) and DR 9-102. Under these circumstances, the Committee states that respondent should be immediately suspended pending the resolution of this disciplinary proceeding.

In opposition to the Committee's motion to suspend respondent claims that the public interest would not be threatened if he were permitted to continue practicing law pending the outcome of the disciplinary proceeding. Respondent states that he has fully cooperated with the Committee, made available all requested records and distributed all funds to the complainants prior to the receipt of the complaints from the

Committee. With respect to the Kay matter, which respondent discussed during his deposition, respondent points out that no complaint regarding that transaction was filed by the Kays.

With respect to his prior censure, respondent states that almost 20 years of unblemished legal practice have intervened between that incident and this proceeding.

Respondent claims that his actions were the result of his neglect in failing to open a special/escrow account during a period of time when he was under the stress of reestablishing his practice as a sole practitioner.

Respondent asserts that no clients have sustained a loss and no aggravating factors exist which warrant the imposition of a suspension at this time and the consequent loss of respondent's means to earn a livelihood.

In reply, the Committee asserts that the facts show that this matter concerns not simply the failure to open an escrow account but rather a pattern of conversion of funds in his commingled account. The Committee states that respondent has not denied that he converted these funds which were entrusted to him and he has offered no defense. As such, the Committee requests that respondent should be immediately suspended.

22 NYCRR 603.4 (e) (1) (ii) and (iii) provide in pertinent part as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct; or

"(iii) other uncontested evidence of professional misconduct".

In the case at bar, respondent's sworn admissions made during the course of a deposition before the Committee as well as the monthly statements from respondent's Citibank account establish that respondent has intentionally converted and failed to preserve client or escrow funds, in violation of DR 1-102 (A) (4) and DR 9-102.

Accordingly, the Committee's motion pursuant to 22

NYCRR 603.4 (e) (1) (ii) and (iii) is granted and respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until further order of this Court.

MURPHY, P. J., SULLIVAN, CARRO, ROSENBERGER and KUPFERMAN, JJ., concur.

Motion granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York immediately, and until such time as the pending disciplinary matters before the Departmental Disciplinary Committee for the First Judicial Department have been concluded.